IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

00 MAY -4  PM 2: 48

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| TERRY SHAPIRO, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV 00-H-179-NE |
| BOBBY GILBERT; BOBBY CHANDLER, | ) | |
| DEFENDANTS. | ) | |

ENTERED

MAY - 4 2000

## MEMORANDUM OF DECISION

The Court has before it the February 11, 2000 motion of
defendants Bobby Gilbert and Bobby Chandler for summary
judgment.[1]  Pursuant to the Court's March 10, 2000 order, the
motion was deemed submitted, without oral argument, on April 6,
2000.  On March 27, 2000, defendants filed a brief in support of
their motion, and plaintiff filed a brief in opposition to
defendants' motion on April 6, 2000.  Both parties submitted

_____

[1]Defendants' February 11, 2000 motion was filed as a motion
to dismiss on all counts of the complaint, or in the alternative,
for summary judgment.  On March 10, 2000, the Court granted the
motion to dismiss with regard to all claims over which it had
original jurisdiction pursued in Counts I, II, III, and IV
against five of the seven defendants and, under 28 U.S.C. §
1367(c)(3), dismissed all claims against those five defendants as
to which claims the Court had, but was declining to exercise,
supplemental jurisdiction.  See Order, dated March 10, 2000, pp.
1-2.  As to remaining claims against defendants Gilbert and
Chandler, the Court treated the February 11, 2000 motion to
dismiss as a motion for summary judgment.

19

evidence in support of their respective positions with regard to the summary judgment motion.[2]  The claims remaining in this action are 1) the federal question claims against Bobby Gilbert and Bobby Chandler, in their individual capacities, sought to be stated in Counts I, II, III, and IV of the complaint and 2) the state law claim over which this Court has supplemental jurisdiction in Count V of the complaint.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The party asking for summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the pleadings or

---

[2]Defendant submitted the following evidence with the Court: 1) the affidavit of Bobby Chandler; 2) the affidavit of Sandra Adams; 3) a sworn statement of Phillip Roger Wagnon; 4) a sworn statement of Richard Melvin Grubbs; 5) a sworn statement of James Anthony Collins; 6) a sworn statement of Gregory Robert Jones; 7) a Memorandum from Bobby Chandler to Jim Hannigan dated December 28, 1999; and 8) Official Minutes of the Board of Directors of Limestone County Water and Sewer Authority dated February 24, 2000.  Plaintiff's only evidentiary submission was the affidavit of plaintiff Terry Shapiro.

filings which it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991) (en banc)). If the

3

moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact, i.e. facts that would entitle it to a directed verdict if not controverted at trial.  Fitzpatrick, 2 F.3d at 1115.  Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways.  First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial.  Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question.  This method requires more than a simple statement that the non-moving party cannot meet its burden

at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district Court that there is an absence of evidence to support the non-moving party's case.  <u>Fitzpatrick</u>, 2 F.3d at 1115-16.  If the movant meets its initial burden by using this second method, the non-moving party may either point out to the Court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts.  <u>Lewis v. Casey</u>, 518 U.S. 343, 358 (1996) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992)).

The relevant undisputed facts are as follows.  Plaintiff Terry Shapiro is employed as a treatment and production manager with the Limestone County Water and Sewer Authority ("Water and Sewer Authority").[3]  (Pl. Aff. ¶ 2).  Plaintiff has worked with the Water and Sewer Authority for approximately thirteen years. See <u>Plaintiff Terry Shapiro's Opposition to Defendant's Motion</u>

---

[3]Plaintiff has not worked since December 3, 1999 because of a workers' compensation disability.  (Adams Aff. ¶ 3).

for Summary Judgment ("Pl. Brief"), dated 4/6/00, pp. 1-2.  In or about December 1999, the Water and Sewer Authority began an investigation into reports by several of plaintiff's coworkers that plaintiff had engaged in wrongdoing in the course of his employment with the Water and Sewer Authority.[4]  (See Pl. Aff. ¶ 3; Pl. Brief, p. 2; Chandler Aff. ¶ 2).  Plaintiff denies any wrongdoing and contends that the investigation was prompted as the result of his discussing with the Limestone County District Attorney's Office certain allegations of wrongdoing on the part of Bobby Chandler, another employee of the Water and Sewer Authority.  (See Pl. Brief, p. 4).  The investigation regarding plaintiff consisted of the attorney for the Water and Sewer Authority taking sworn statements of several Water and Sewer Authority employees, including Phillip Roger Wagnon, Richard Melvin Grubbs, James Anthony Collins, and Gregory Robert Jones.

---

[4]The acts alleged included conducting tests for a neighboring water system and receiving pay for such services while on the job for the Water and Sewer Authority; ordering employees whom he supervised at the Water and Sewer Authority to do personal errands for him during their shifts; stealing materials from the Water and Sewer Authority for use at his personal residence; discussing salary in violation of strict company policy; making numerous personal long-distance phone calls at the expense of the Water and Sewer Authority; and altering time sheets for employees whom he supervised.  (See generally Sworn Statements of Phillip Wagnon, Richard Grubbs, James Collins, and Gregory Jones).

(Chandler Aff. ¶¶ 3, 4).  Although a grievance was filed against plaintiff in connection with the allegations against him, the grievance was denied due to its untimely filing.[5]  (See Pl. Aff. ¶ 3; Adams Aff. ¶ 4 and Memorandum, dated 12/28/99, attached thereto).  No additional inquiry was conducted into the matter and no disciplinary or other action was taken against plaintiff. (Chandler Aff. ¶ 5).

As a result of the investigation, plaintiff contends that his First, Fourth, and Fourteenth Amendment rights were violated under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).[6]  Plaintiff contends also that he was caused to suffer severe emotional

---

[5]A coworker of plaintiff, Jim Hannigan, sought to file the grievance against plaintiff.  In a December 28, 1999 memorandum, Bobby Chandler informed Hannigan of the following:

> Your grievance filed on December 6, 1999 is denied. While the investigation showed some possible inappropriate actions by Mr. Shapiro, the grievance was not filed in a timely manner.  Please feel free to discuss any questions you may have with me at your convenience.

(See Memorandum, dated 12/28/99, attached to Adams Affidavit).

[6]In Count I of the complaint, plaintiff sets forth a claim for retaliation.  In Count II, plaintiff alleges abuse of process.  Although plaintiff sets forth his section 1983 claim separately in Count III, his retaliation and abuse of process claims are actually the basis for his section 1983 action. Because Count III encompasses Counts I and II, Counts I and II are analyzed together under the discussion of section 1983 above.

7

distress as the result of plaintiff's alleged unlawful actions against him.  The Court will address each of plaintiff's claims.

With regard to his section 1983 claim, plaintiff asserts that defendants conducted an investigation against him in retaliation for his having communications about Bobby Chandler with the Limestone County District Attorney's Office.  Plaintiff contends that this investigation constituted "legal processes for unlawful purposes" in violation of the First, Fourth and Fourteenth Amendments.  Defendants contend that they justifiably conducted the investigation in response to reports of wrongdoing on the part of plaintiff, and that in any event, no adverse employment action was taken against plaintiff sufficient to establish a prima facie case of retaliation under section 1983. The Court agrees with defendants.

Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.  To establish a prima facie case of

retaliation under section 1983, plaintiff must show that 1) a statutorily protected expression existed; 2) adverse employment action was taken; and 3) a causal connection existed between the protected expression and the adverse employment action.  <u>See</u> <u>Little v. United Technologies</u>, 103 F.3d 956, 959 (11th Cir. 1997). Assuming that plaintiff's communications with the Limestone County District Attorney's Office were statutorily protected expressions, plaintiff has offered no evidence that any adverse employment action was taken.  Although an investigation was conducted with regard to the allegations about plaintiff, no disciplinary or other action was taken against plaintiff and no further inquiry was conducted into the matter.  Because an employer undoubtedly has the right to investigate allegations of employee misconduct, plaintiff has not established adverse employment action with respect to his section 1983 retaliation claim.

Plaintiff also asserts a claim under section 1983 for abuse of process.  Similar to plaintiff's retaliation claim, the basis for this claim is that defendants' investigation constituted "legal action" against him, in violation of plaintiff's Fourth Amendment rights.  Again, however, defendants' investigation with reference to plaintiff,  which consisted solely of several sworn

9

statements being taken of plaintiff's coworkers, does not constitute legal action for the purposes of establishing a section 1983 claim.  Accordingly, plaintiff's section 1983 abuse of process claim must fail.

The Court is also satisfied that plaintiff's section 1985(3) claim is without merit.  Section 1985(3) provides a civil remedy to one who is injured by "two or more persons . . . conspir[ing] . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ."  42 U.S.C. 1985(3).  "To recover damages under section 1985(3), a plaintiff must establish that there was 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'"  Arnold v. Board of Educ. of Escambia Co., Alabama, 880 F.2d 305 (11th Cir. 1989) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).  Plaintiff in the instant case has simply failed to demonstrate that any action taken on the part of defendants was motivated by race or some other discriminatory animus.  In fact, plaintiff has failed to even articulate the purported basis, whether race or otherwise, for the alleged discrimination against him.  Because no evidence of invidious discrimination exists,

plaintiff's claim under section 1985(3) must also fail.

Finally, with regard to plaintiff's state law claim for intentional infliction of emotional distress, the Court finds that plaintiff has set forth no evidence that he suffered the type of extreme and outrageous conduct required to sustain a prima facie case under Alabama law. <u>See</u> <u>Smith v. Scott Paper Co.</u>, 620 So. 2d 976, 977-78 (Ala. 1993) ("Extreme conduct is defined as conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.") (internal quotations omitted).

In summary, the Court finds that no material issues of fact remain and that defendants Bobby Gilbert and Bobby Chandler are entitled to judgment as a matter of law as to all claims asserted by plaintiff. A separate order will be entered.


DONE this __4th__ day of May, 2000.


_____
SENIOR UNITED STATES DISTRICT JUDGE

11